**RECORD NO. 12-4698**

*In The*
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## OCTAVIUS STRONG, a/k/a Octavia Strong,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND AT BALTIMORE

_____

## BRIEF OF APPELLANT

_____

**Jonathan A. Gladstone**
**ATTORNEY AT LAW**
**113 Ridgely Avenue**
**Annapolis, Maryland 21401**
**(410) 974-6903**

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .............................................................................. ii

STATEMENT OF JURISDICTION .................................................................. 1

ISSUES PRESENTED ......................................................................................... 1

STATEMENT OF THE CASE .......................................................................... 1

STATEMENT OF FACTS ................................................................................. 3

SUMMARY OF ARGUMENT ......................................................................... 4

ARGUMENT ....................................................................................................... 4

      A.    Standard of Review ......................................................................... 4

      Convictions Based on Conduct When Appellant Was 16 Years Old ............ 5

      Possession of a Firearm in Furtherance of a Drug Trafficking Offense
      as a Career Offense Predicate ...................................................... 9

CONCLUSION .................................................................................... 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

**TABLE OF AUTHORITIES**

**Page**

**CASES**

Shepard v. United States,
544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) ........................... 12

Taylor v. United States,
495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) ........................ 11

United States v. Farrior,
535 F.3d 210 (4th Cir. 2008) ...................................................... 4

United States v. Harper,
477 F. App'x 550 (11th Cir. 2012) .............................................. 10

United States v. Maroquin-Bran,
587 F.3d 214 (4th Cir. 2009) .................................................... 12

United States v. Mason,
284 F.3d 555 (4th Cir. 2002) ..................................................... 8

United States v. Robinson,
447 F. App'x 512 (4th Cir. 2011) ................................................ 9

**STATUTES**

8 U.S.C. § 1326 ....................................................................... 1

18 U.S.C. § 924(c) .............................................................. 9, 10, 11

18 U.S.C. § 924(c)(1)(A) .......................................................... 10

18 U.S.C. § 924(c)(2) ............................................................. 10

18 U.S.C. § 929(a) ................................................................ 11

18 U.S.C. § 3559(a)(5) ............................................................ 10

21 U.S.C. § 841(a)(1) ........................................................................ 1

21 U.S.C. § 844(a) ........................................................................... 10

21 U.S.C. §§ 801 et. seq. ................................................................. 10

21 U.S.C. §§ 951 et. seq ................................................................. 10

26 U.S.C. § 5845(a) ......................................................................... 11

28 U.S.C. § 1291 ............................................................................... 1

Md. Code Ann., Cts. & Jud. Proc. § 3-8A-03 ................................... 6, 7

## RULES

Fed. R. App. P. 3 ............................................................................... 1

Fed. R. App. P. 4(b) .......................................................................... 1

## GUIDELINES

U.S.S.G. § 4B1.1 ............................................................................... 3

U.S.S.G. § 4B1.2 .......................................................................... 5, 9, 11

U.S.S.G. § 4B1.b ............................................................................... 3

## STATEMENT OF JURISDICTION

This cases resulted from an indictment in the District of Maryland, alleging a violation of 21 U.S.C. § 841(a)(1) DISTRIBUTION OF A CONTROLLED SUBSTANCE.

Jurisdiction in the trial court therefore arose under 8 U.S.C. § 1326. This court's jurisdiction arises under 28 U.S.C. § 1291 and Rules 3 and 4(b) of the Federal Rules of Appellate Procedure. This appeal is from a final order subject to appeal. Appellant was sentenced on August 22, 2012, with the judgment entered on the same day. The notice of appeal was filed on August 28, 2012.

## ISSUES PRESENTED

I.      Whether determining Appellant to be a career criminal and sentencing him accordingly was proper.

## STATEMENT OF THE CASE

On January 4, 2012 appellant was named in a one-count indictment accusing him of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).[1] (Joint Appendix, hereinafter JA at 7). Appellant ultimately pled guilty with an agreement which did not include a stipulation regarding his criminal history or whether he

---

[1](a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally–

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

1

would qualify as a career offender. There was an interlineation in which Appellant specifically denied that he was a career offender. (JA at 50).

Prior to sentencing, a pre-sentence report (PSR) was prepared. That document specified a number of prior criminal adjudications which formed the basis of the court's later determination that Appellant qualified as a career offender. (JA at 155-71).

On August 22, 2012, the court conducted a sentencing hearing. (Appellant had filed a motion to withdraw his plea and to have his attorney's appearance stricken, but he withdrew both motions at a May 21, 2012 motions hearing).

At the sentencing hearing, much of the discussion involved whether Appellant should be viewed as a career offender. As the hearing began, the Court inquired as to whether there were any factual errors. Appellant's attorney noted that the PSR indicated that Appellant was 17 years old at the time of arrest. The attorney pointed out that he was actually 16 at the time of the incident, even though he was arrested shortly after his 17th birthday. (JA at 64-68).

While the court acknowledged his age at the incident date, he inquired as to the significance of that. Appellant indicated that future review might indicate some problem with convictions at such a young age, but he did not pursue the issue.

The defense attorney also questioned whether certain convictions should be considered in calculating his criminal record. He indicated that such concerns would be rendered moot if the court found Appellant to be a career offender, so

2

that issue was tabled pending determination of the career offender question. (JA at 75-76).

The court went on to conclude that Appellant had four qualifying prior convictions, when only two are required for career offender status. (JA at 79-80). The court then went on to sentence Appellant pursuant to the finding and U.S.S.G. § 4B1.b.[2]

After calculating that the guidelines calculation produced a recommended sentence of 151-188 months, the court ultimately sentenced Appellant to 115 months.

## STATEMENT OF FACTS

On November 21, 2011, investigators met with a Confidential Informant ("CI") who is registered with the Baltimore Police Department (BPD) in an attempt to arrange for a controlled purchase from the Appellant. After a series of recorded calls between the CI and Strong, the CI was directed by Strong to come to 5313 Holder Avenue Baltimore, Maryland.

Prior to the CI going to 5313 Holder Avenue, investigators searched the CI and found the CI to be free of any contraband or currency. The CI was then

---

[2]§ 4B1.1. Career Offender
(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

3

provided with an amount of BPD funds necessary to purchase one ounce of crack cocaine. Surveillance units previously dispatched to the area of 5313 Holder Avenue were advised that the CI was entering the area. These units subsequently observed the CI arrive at the front door of 5313 Holder Avenue and enter thedwelling. Several minutes later, the CI exited the residence and met with investigators at a predetermined location. During this meeting, the CI handed the investigators a baggie which contained a quantity of rock substance, which the CI stated had been provided by the Defendant, Octavius Strong, in exchange for the money provided to him by investigators.

The rock substance in the baggie was tested by the Drug Enforcement Administration's Mid-Atlantic Laboratory and returned positive for cocaine base. The net weight was 27.1 grams. (JA at 49).

## SUMMARY OF ARGUMENT

Appellant maintains that characterizing him as a career offender and sentencing him accordingly was improper in that the court erred in counting two cases which arose when Appellant was 16 years old and another case which involved a statutory violation which is not necessarily a career offender predicate.

## ARGUMENT

A.    Standard of Review – The appellate court reviews the district court's factual findings for clear error and its classification as a career offender de novo. United States v. Farrior, 535 F.3d 210, 223-24 (4th Cir. 2008). "In reviewing prior

4

convictions to determine whether they count as a predicate offense for career-offender purposes, the Supreme Court has instructed us to review the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or ... some comparable judicial record of this information." Id. at 223-24.

The Appellant contends that the court incorrectly counted two priors involving incidents when Appellant was 16 years old without a more extensive inquiry that they were properly countable. In addition Appellant maintains that it was improper to count a conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Offense as a predicate without further inquiry.

**Convictions Based on Conduct When Appellant Was 16 Years Old**

In making a career offender determination, the court looks at prior felony convictions.

U.S.S.G. § 4B1.2, App. Note 1 reads in part:

"Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction. A conviction for an offense

5

committed prior to age eighteen is an adult conviction if it is classified

as an adult conviction under the laws of the jurisdiction in which the

defendant was convicted (e.g., a federal conviction for an offense

committed prior to the defendant's eighteenth birthday is an adult

conviction if the defendant was expressly proceeded against as an

adult).

The two first priors relied upon by the court were for Possession with Intent

to Distribute Cocaine in state court. They were prosecuted in Baltimore City

Circuit Court. That is the court that hears felonies, but it is also the court that hears

juvenile proceedings, and Appellant was 16 on the incident dates.

It appears that the juvenile court had jurisdiction of the proceeding, in that

the alleged crime is not among the more serious crimes of older juveniles for which

jurisdiction lies in adult court pursuant to Maryland Courts and Judicial

Proceedings § 3-8A-03.[3]

---

[3]§ 3-8A-03. Jurisdiction of court
Exclusive original jurisdiction over delinquent children or children in need of supervision
(a) In addition to the jurisdiction specified in Subtitle 8 of this title, the court has exclusive original jurisdiction over:
(1) A child who is alleged to be delinquent or in need of supervision or who has received a citation for a violation;
(2) Except as provided in subsection (d)(6) of this section, a peace order proceeding in which the respondent is a child; and
(3) Proceedings arising under the Interstate Compact on Juveniles.
Concurrent jurisdiction over proceedings against an adult
(b) The court has concurrent jurisdiction over proceedings against an adult for the violation of § 3-8A-30 of this subtitle. However, the court may waive its jurisdiction

6

under this subsection upon its own motion or upon the motion of any party to the proceeding, if charges against the adult arising from the same incident are pending in the criminal court. Upon motion by either the State's Attorney or the adult charged under § 3-8A-30 of this subtitle, the court shall waive its jurisdiction, and the adult shall be tried in the criminal court according to the usual criminal procedure.

Concurrent jurisdiction relating to compulsory public school attendance laws

(c) The jurisdiction of the court is concurrent with that of the District Court in any criminal case arising under the compulsory public school attendance laws of this State.

Jurisdiction relating to acts punishable by imprisonment or death

(d) The court does not have jurisdiction over:

(1) A child at least 14 years old alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment, as well as all other charges against the child arising out of the same incident, unless an order removing the proceeding to the court has been filed under § 4-202 of the Criminal Procedure Article;

(2) A child at least 16 years old alleged to have done an act in violation of any provision of the Transportation Article or other traffic law or ordinance, except an act that prescribes a penalty of incarceration;

(3) A child at least 16 years old alleged to have done an act in violation of any provision of law, rule, or regulation governing the use or operation of a boat, except an act that prescribes a penalty of incarceration;

(4) A child at least 16 years old alleged to have committed any of the following crimes, as well as all other charges against the child arising out of the same incident, unless an order removing the proceeding to the court has been filed under § 4-202 of the Criminal Procedure Article:

(i) Abduction;

(ii) Kidnapping;

(iii) Second degree murder;

(iv) Manslaughter, except involuntary manslaughter;

(v) Second degree rape;

(vi) Robbery under § 3-403 of the Criminal Law Article;

(vii) Second degree sexual offense under § 3-306(a)(1) of the Criminal Law Article;

(viii) Third degree sexual offense under § 3-307(a)(1) of the Criminal Law Article;

(ix) A crime in violation of § 5-133, § 5-134, § 5-138, or § 5-203 of the Public Safety Article;

(x) Using, wearing, carrying, or transporting a firearm during and in relation to a drug trafficking crime under § 5-621 of the Criminal Law Article;

(xi) Use of a firearm under § 5-622 of the Criminal Law Article;

(xii) Carjacking or armed carjacking under § 3-405 of the Criminal Law Article;

(xiii) Assault in the first degree under § 3-202 of the Criminal Law Article;

7

Because the record is so barren on how these two convictions could be assumed to be an adult felony conviction when it was clear that Appellant was 16 years old on the incident date, it was wrong to assume that those priors qualified without further inquiry. See also <u>United States v. Mason</u>, 284 F.3d 555 (4th Cir. 2002).

---

(xiv) Attempted murder in the second degree under § 2-206 of the Criminal Law Article;

(xv) Attempted rape in the second degree under § 3-310 of the Criminal Law Article or attempted sexual offense in the second degree under § 3-312 of the Criminal Law Article;

(xvi) Attempted robbery under § 3-403 of the Criminal Law Article; or

(xvii) A violation of § 4-203, § 4-204, § 4-404, or § 4-405 of the Criminal Law Article;

(5) A child who previously has been convicted as an adult of a felony and is subsequently alleged to have committed an act that would be a felony if committed by an adult, unless an order removing the proceeding to the court has been filed under § 4-202 of the Criminal Procedure Article; or

(6) A peace order proceeding in which the victim, as defined in § 3-8A-01(cc)(1)(ii) of this subtitle, is a person eligible for relief, as defined in § 4-501 of the Family Law Article.

Exclusive jurisdiction relating to violations of Maryland Vehicle Law by children

(e) If the child is charged with two or more violations of the Maryland Vehicle Law,1 another traffic law or ordinance, or the State Boat Act, allegedly arising out of the same incident and which would result in the child being brought before both the court and a court exercising criminal jurisdiction, the court has exclusive jurisdiction over all of the charges.

8

### Possession of a Firearm in Furtherance of a
### Drug Trafficking Offense as a Career Offense Predicate

One of the priors arose from a one-count information charging Appellant with Possession of a Firearm in Furtherance of a Drug Trafficking Offense. He pled guilty to that count; there was no underlying drug allegation.[4]

Appellant maintains that that crime is not necessarily a crime of violence, nor a controlled substance offense, and that further investigation is required before a court could legitimately conclude that it is either a crime of violence or a controlled substance offense. (The court did not indicate which of the categories applied).

---

[4]As explained in the commentary to U.S.S.G. § 4B1.2, a violation of 18 U.S.C. § 924(c) is a controlled substance offense so long as the "offense of conviction established that the underlying offense was a ... 'controlled substance offense.'" U.S.S.G. § 4B1.2, cmt. n. 1.
United States v. Robinson, 447 F. App'x 512, 514 (4th Cir. 2011).

Appellant pled guilty to 18 U.S.C. § 924(c),[5] and that sub-section contains a definition of drug trafficking crime.[6]

"Drug trafficking crime" encompasses a wide range of activities, including simple possession of drugs under some circumstances, such as when the defendant has a prior conviction, which Appellant does in the instant case.

"For the purposes of § 924(c), a drug trafficking crime "means any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 et. seq.) 18 U.S.C. § 924(c)(2). A conviction for simple possession under 21 U.S.C. § 844(a) where the defendant has "a prior conviction for any drug ... offense chargeable under the law of any State" is a class E felony. Id.; see 18 U.S.C. § 3559(a)(5)." United States v. Harper, 477 F. App'x 550, 552 n.1 (11th Cir. 2012).

_____

[5](c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(ii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

[6](c)(2) For purposes of this subsection, the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 et seq.), or chapter 705 of title 46.

Gun possession crimes have not been viewed universally as crimes of violence. The guidelines themselves make it clear that possession by a felon by itself is not a crime of violence. "'Crime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a)." U.S.S.G. § 4B1.2. Application note 1.

The guidelines make it clear that this crime is not inherently as career offender predicate. "A violation of 18 U.S.C. § 924(c) or § 929(a) is a "crime of violence" or a "controlled substance offense" if the offense of conviction established that the underlying offense was a "crime of violence" or a "controlled substance offense." U.S.S.G. § 4B1.2. Application note 1. The commentary makes it clear that a conviction under that statute does not automatically constitute a predicate, and that further inquiry is necessary. Clearly, some violations of the statute qualify, and others do not.

> "To determine whether a prior conviction supports an enhancement, a court must first compare the "statutory definition of the prior offense" to the Guidelines' definition of a qualifying prior offense. See Taylor v. United States, 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990).

> "When, as here, the underlying statute prohibits both qualifying and non-qualifying offenses, the sentencing court may "determin[e] the character of" the prior offense by "examining the statutory

11

definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005)." United States v. Maroquin-Bran, 587 F.3d 214, 217-18 (4th Cir. 2009).

In a situation such as this, when there was a single count, it may be difficult to decide what the underlying offense was and whether it meets the standard.

As the discussion at sentencing made clear, the difference between having these three priors and not having them is the difference between being a career offender and facing a far less severe guidelines sentence.

The record does not indicate that the court was presented with any documentation from the cases themselves, but relied on the analysis contained in the Pre Sentence Report. In many cases, that may be sufficient. But, in this case, the notations in the report itself suggests that something may be awry. From what we can see, the earlier cases should have been in juvenile court, unless Appellant was somehow waived up to adult court. There is nothing in the record accounting for this. As to the gun possession case, the guidelines make it clear that this is a situation in which a modified categorical approach as described in Shepard is required. That was not done in this case.

**CONCLUSION**

For the foregoing reasons and upon the foregoing authority, Appellant prays

this Court to vacate the sentence and remand the case for further proceedings.

BY <u>/s/ Jonathan A. Gladstone</u>
Jonathan A. Gladstone
ATTORNEY AT LAW
113 Ridgely Avenue
Annapolis, Maryland  21401
(410) 974-6903

*Counsel for Appellant*
Octavius Strong

13

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ] this brief contains [*3,379*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Corel WordPerfect 12*] in [*14pt Times New Roman*]; *or*

    [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: <u>February 4, 2013</u>                    <u>/s/ Jonathan A. Gladstone</u>
                                                         *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 4th day of February, 2013, I caused this Brief of

Appellant and Joint Appendix to be filed electronically with the Clerk of the Court

using the CM/ECF System, which will send notice of such filing to the following

registered CM/ECF users:

>Henry B. Marsh, Jr.
>OFFICE OF THE U.S. ATTORNEY
>36 South Charles Street, 4th Floor
>Baltimore, Maryland  21201
>(410) 209-4897
>
>*Counsel for Appellee*

I further certify that on this 4th day of February, 2013, I caused the required

copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk

of the Court and a copy of the Sealed Volume of the Joint Appendix to be served,

via UPS Ground Transportation, upon counsel for the Appellee, at the above

address.

/s/ Jonathan A. Gladstone
*Counsel for Appellant*